UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:14-CV-286-PLR-CCS |
| APRIL E. DUNN and JIMMY DUNN, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), filed this detainer action on May 14, 2014 in the General Sessions Court for Knox County, Tennessee. On June 23, 2014, defendant, April Dunn, filed a notice of removal to this court. Thereafter, FHLMC filed a motion to remand the case, to which April Dunn has responded in opposition.[1] Because the underlying detainer action involves important state policy issues, the court will abstain from exercising jurisdiction over the case, and remand the matter to state court.

---

[1] April Dunn filed the Notice of Removal and all related documents in this action. Jimmy Dunn has not entered an appearance. A show cause order was entered by the court on August 18, 2014, requiring the defendants to show cause in writing on or before August 28, 2014, why FHMLC's motion to remand should not be granted and this action remanded to the General Sessions Court for Knox County, Tennessee. The notice sent to Jimmy Dunn was returned to the court as undeliverable. Pursuant to Local Rule 7.2 Jimmy Dunn's failure to respond to the motion and to the court's Show Cause Order will be deemed a waiver of any opposition to the relief sought.

# I.  Background

This action concerns a parcel of real property located at 1203 Gettysvue Way, Knoxville, Tennessee.  April Dunn and Jimmy Dunn were the borrowers on a Deed of trust secured by the property.  On April 23, 2014, due to default under the loan documents, the property was sold at a foreclosure sale and assigned to FHMLC.  A Trustee's Deed was executed conveying the property to FHMLC

On May 14, 2014, FHMLC filed an unlawful detainer action in the General Sessions Court in Knox County, Tennessee.  In the General Sessions case, the amount of debt requested by FHMLC is specifically stated as "$0," and FHMLC did not ask for any further damages or make any claims for rent.  In addition, the top of the detainer warrant specifically states "POSSESSION ONLY."  April Dunn and Jimmy Dunn were named as parties on the detainer warrant.  A hearing on the detainer warrant was scheduled for June 24, 2014, in the General Sessions Court.

On June 23, 2014, April Dunn filed a Notice of Removal.  In her Notice of Removal, Dunn states that this action involves FHMLC's attempt to deprive her of her property without due process of law in violation of the Fourteenth Amendment to the United States Constitution.  Dunn alleges that FHMLC violated provisions of the Truth In Lending Act, the Real Estate Settlement Procedures Act, and the Fair Debt Collection Practices Act, with respect to the origination, the underwriting, and the servicing of her loan.  In support of her allegations, Dunn states she was never provided notice of the assignment of her mortgage as required by the Real Estate Settlement Procedures Act,

2

nor that her mortgage had been assigned to a mortgage-backed securities pool. She further alleges that FHMLC failed to timely respond to a Qualified Written Request and did not provide all of the requested documentation. She further alleges that she was not provided with the required disclosures at closing, and that her income and expenditures were not properly verified. FHMLC also failed to satisfy conditions precedent prior to the unlawful and invalid non-judicial foreclosure of her property.

FHMLC has moved for an order remanding this case to the General Sessions Court for Knox County, Tennessee. In support of the motion, FHMLC asserts that Dunn has failed to provide sufficient grounds for removing the case and vesting jurisdiction in this court. Thus, the matter should be remanded to the General Sessions Court.

FHMLC moves the court to strike Dunn's opposition brief because it was filed out of time. In the court's show cause order, Dunn was directed to respond to FHMLC's motion to remand "on or before August 28, 2014." Dunn failed to meet the August 28 deadline, and instead, filed her brief in opposition to the motion to remand on September 5, 2014, without seeking leave of the court or offering any explanation for the untimely response.

Dunn is acting *pro se* in this matter. Despite the filing of her brief beyond the deadline set in the show cause order, the court will exercise its discretion to consider her response, finding that FHMLC is not prejudiced by permitting her to file her response out of time.

3

## II. Analysis

Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree. It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). The district court must strictly construe the removal statute against removal jurisdiction and resolve all doubts as to the propriety of federal jurisdiction in favor of state court jurisdiction. 28 U.S.C. § 1447(c).

Without deciding whether this action was properly removed under 28 U.S.C. § 1441 and 28 U.S.C. § 1345, the court is persuaded that abstention from exercising jurisdiction is appropriate in this matter. Federal courts may decline to exercise jurisdiction in "exceptional circumstances." *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716 (1996). Abstention involves weighing principles of federalism and comity against the federal interest in retaining jurisdiction. *Id.* at 716. Federal courts exercise discretion to "restrain their authority because of scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary." *Burford v. Sun Oil Co.,* 319 U.S. 315, 317 (1943).

Under *Burford,* abstention is appropriate where the action "involves difficult questions of state law bearing on policy problems of substantial public import," or where the exercise of federal review "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Quackenbush,* 517 U.S. at 726-27. In particular, the state's strong interest in pending foreclosure matters warrants

4

the application of abstention. *Shaffer v. Heitner,* 433 U.S. 186, 207-08 (1977) (recognizing a state's "strong interests in assuring the marketability of property within its borders and in providing a procedure for peaceful resolution of disputes about the possession of that property).

Even where jurisdiction otherwise exists, courts often abstain from hearing eviction matters to avoid "completely emasculating the state structure for dealing with such disputes." *MCC Mtg. LP v. Office Depot, Inc.,* 685 F.Supp.2d 939, 946-47 (D.Minn. 2010); *see also, Homesales Inc. of Delaware v. Greene,* 2010 WL 1630469 at *2-3 (D.Or. 2010) (stating that because unlawful detainer actions involve a state regulatory statute and important state policy issues, the federal court should abstain and remand the matter to state court); *Glen 6 Assocs. v. Dedaj,* 770 F.Supp. 225, 228-29 (S.D.N.Y. 1991) (finding that principles of comity and federalism dictate abstaining from eviction matters and that accepting removal of eviction proceedings to federal court would overburden the federal system); *Doescher v. Menifee Circuit Court,* 75 Fed.Appx. 996, 997 (6th Cir. 2003) (state foreclosure proceeding involved a matter of state interest);

Federal courts in the Sixth Circuit, as well as other circuits, have abstained from exercising jurisdiction over similar cases involving detainer actions. *See Deutsche Bank Trust Co. v. Hollander,* 2012 WL 3639283 (E.D.Mich. 2012); *Healy v. Fifth Third Mtg. Co.,* 2011 WL 577385 (E.D.Ky. 2011); *Doyle v. Schumann,* 2008 WL 397588 (N.D.Ohio 2008). *See also Federal Home Loan Mtg. Ass'n v. Ville,* 2014 WL 300948 (D.Minn. 2014); *Federal Nat'l Mtg. Ass'n v. Guevara,* 2014 WL 300985 (D.Minn. 2014); *Federal Nat'l Mtg. Ass'n v. Bullock,* 2014 WL 223445 (D.Minn. 2014).

5

Moreover, to the extent that Dunn is attempting to assert a counterclaim based on federal law against FHMLC, that is insufficient to give this court jurisdiction over the state detainer action. If the federal question appears only as a defense, and not on the face of a well-pleaded complaint, the defense does not authorize removal to federal court. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987).

In light of the above federal precedent, the court concludes that abstention is proper in this case. Eviction actions are fundamentally a matter of state law; there is no federal interest in retaining the proceedings; and there is no apparent prejudice in the action proceeding in state court. State courts are highly familiar with eviction procedure, and the federal courts are ill-equipped to adjudicate these actions. *See Fed. Home Loan Mtg. Corp. v. Matassino,* 2012 WL 6622607 at *8 (N.D.Ga. 2012). Considering principles of comity, federalism, and judicial economy, the court will abstain from exercising jurisdiction in this matter, and finds that remand is warranted. Accordingly, FHMLC's motion to remand is **GRANTED.**

### III.  Conclusion

In light of the above discussion, FHMLC's motion to remand [R. 3] is **GRANTED,** and this action is **REMANDED** to the General Sessions Court for Knox County, Tennessee.

Enter:

s/ _[signature]_

_____
United States District Judge